[807 NE2d 865, 775 NYS2d 754]

MetLife Auto & Home, as Subrogee of Michael Basil, Appellant, v Joe Basil Chevrolet, Inc., et al., Respondents, et al., Defendants.

Argued January 7, 2004; decided February 24, 2004

## POINTS OF COUNSEL

*Regan & Regan,* Buffalo (*Lawrence J. Regan* of counsel), for appellant. I. Royal had a duty to preserve the fire-damaged vehicle and should therefore be accountable to MetLife as its breach of that duty has proximately damaged MetLife. (*Glanzer v Shepard,* 233 NY 236; *Palsgraf v Long Is. R.R. Co.,* 248 NY 339; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579; *Sporty v Honeywell, Inc.,* 274 AD2d 321; *Ripepe v Crown Equip. Corp.,* 293 AD2d 462; *McAllister v Renu Indus. Tire Corp.,* 202 AD2d 556; *Coley v Ogden Mem. Hosp.,* 107 AD2d 67; *Pirocchi v Liberty Mut. Ins.,* 365 F Supp 277.) II. Spoliation of evidence as an independent tort should be recognized in New York on the facts presented in this case. (*Weigl v Quincy Specialties Co.,* 158 Misc 2d 753; *Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Fada Indus. v Falchi Bldg. Co.,* 189 Misc 2d 1; *Atlantic Mut. Ins. Co. v Sea Transfer Trucking Corp.,* 264 AD2d 659; *Squitieri v City of New York,* 248 AD2d 201; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170; *Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin A.C. Corp.,* 221 AD2d 243; *Tawedros v St. Vincent's Hosp.,* 281 AD2d 184; *Battalla v State of New York,* 10 NY2d 237.) II. The spoliation doctrine is one based on fairness and justice and is not based upon what the spoliated evidence would have shown or whom it may have benefited. (*Puccia v Farley,* 261 AD2d 83; *Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin A.C. Corp.,* 221 AD2d 243; *Sage Realty Corp. v Proskauer Rose,* 275 AD2d 11; *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652; *Liz v Zinsser & Co.,* 253 AD2d 413; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170; *Cabasso v Goldberg,* 288 AD2d 116; *Yi Min Ren v Professional Steaming-Cleaning,* 271 AD2d 602; *Freedman & Son v A.I. Credit Corp.,* 226 AD2d 1002; *Story Parchment Co. v Paterson Parchment Paper Co.,* 282 US 555.) IV. The order of the Appellate Division should be reversed to allow discovery to proceed into the nature and circumstances surrounding Royal's spoliation. (*Weigl v Quincy Specialties Co.,* 158 Misc 2d 753; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Anteri v NRS Constr. Corp.,* 117 AD2d 696; *Ricco v Deepdale Gardens Apts. Corp.,* 113 AD2d 822; *Hyosung [Am.] v Woodcrest Fabrics,* 106 AD2d 298.) V. Summary judgment should

be granted against Royal and Joe Basil Chevrolet, Inc. by virtue of Royal's spoliation of evidence. (*Zuckerman v City of New York,* 49 NY2d 557.)

*Kenney, Shelton, Liptak & Nowak, L.L.P.,* Buffalo (*Nelson E. Shule, Jr., Joanneke K.M. Brentjens* and *Michael C. O'Neill* of counsel), for Joe Basil Chevrolet, Inc., respondent. I. The Appellate Division correctly held that New York does not recognize spoliation as an independent cause of action as to a nonparty. (*Huber v Henley,* 669 F Supp 1474; *Pharr v Cortese,* 147 Misc 2d 1078.) II. The "pitfalls" associated with the independent tort of spoliation outweigh any benefits of its recognition. (*Foster v Lawrence Mem. Hosp.,* 809 F Supp 831; *Baliotis v McNeil,* 870 F Supp 1285; *Edwards v Louisville Ladder Co.,* 796 F Supp 966.) III. Should the Court find that spoliation of evidence is an independent tort, Joe Basil Chevrolet, Inc. is not liable for the actions of Royal. (*Kirkland v New York City Hous. Auth.,* 236 AD2d 170; *Batas v Prudential Ins. Co. of Am.,* 281 AD2d 260; *Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.,* 93 AD2d 337.)

*Gibson, McAskill & Crosby, LLP,* Buffalo (*Victor Alan Oliveri* and *Timothy J. Graber* of counsel), for Royal Insurance Company, respondent. I. MetLife failed to state a cause of action against Royal either under principles of negligence law or as an independent tort. (*Foncette v LA Express,* 295 AD2d 471; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 294 AD2d 341; *Sage Realty Corp. v Proskauer Rose,* 275 AD2d 11, 96 NY2d 937; *Yi Min Ren v Professional Steam-Cleaning,* 271 AD2d 602; *Fada Indus. v Falchi Bldg. Co.,* 189 Misc 2d 1; *Weigl v Quincy Specialties Co.,* 158 Misc 2d 753; *Black Radio Network, Inc. v NYNEX Corp.,* 44 F Supp 2d 565; *Pharr v Cortese,* 147 Misc 2d 1078; *Steinman v Barclays Bank,* 276 AD2d 436; *Fairclough v Hugo,* 207 AD2d 707.) II. New York's public policy is furthered by placing the burden for preserving evidence on the party seeking its preservation. III. MetLife has failed to present any reason for this Court to recognize a cause of action for third-party spoliation against Royal. (*Matter of Granger & Sons v State of New York Facilities Dev. Corp.,* 207 AD2d 596; *Mulligan v Lackey,* 33 AD2d 991; *Glanzer v Shepard,* 233 NY 236; *Palsgraf v Long Is. R.R. Co.,* 248 NY 339; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579; *Sporty v Honeywell, Inc.,* 274 AD2d 321; *Weigl v Quincy Specialties Co.,* 158 Misc 2d 753.)

### OPINION OF THE COURT

G.B. Smith, J.

The primary issue here is whether New York State should

recognize a cause of action for third-party negligent spoliation of evidence and impairment of a claim or defense as an independent tort. We decline to recognize it on these facts.

In March 2000, a fire started in a 1999 Chevrolet Tahoe owned by defendant Joe Basil Chevrolet, Inc., and used, with permission, by Michael Basil. At the time of the fire, the vehicle was parked in the garage attached to the home of Faith and Michael Basil in Clarence, New York. The fire caused over $330,000 in property damage to their home. Plaintiff-appellant, MetLife, Michael Basil's homeowners' insurance carrier, paid the homeowners' claim.

Fire and sheriff investigators determined that the fire originated on the driver's side of the vehicle dashboard. After indemnifying Chevrolet, Royal (Chevrolet's insurance carrier) took possession of the vehicle, and a representative of Royal agreed in a telephone conversation to preserve the vehicle. Representatives of MetLife, defendant General Motors Corporation (which manufactured the vehicle), Speaker Shop, Inc. (which installed a remote starting device in the dashboard) and Royal arranged for a joint inspection and testing of the vehicle in early November 2000 at the lot where Royal stored the vehicle. Before an inspection took place, Royal notified the parties that the vehicle had been disassembled and disposed of and that scientific analysis and examination were no longer possible.

As Michael Basil's subrogee, MetLife then commenced this action for money damages. MetLife brought the first three causes of action for negligence, breach of warranty and strict liability against Chevrolet, GMC and Speaker Shop. The fourth cause of action, the sole cause at issue on this appeal, brought solely against Royal, alleged that "as a result of the negligence, carelessness and recklessness of [Royal], invaluable, necessary and important evidence has been destroyed and lost[,] thereby irrevocably impairing [MetLife's] right to pursue successfully the defendants, Joe Basil Chevrolet, Inc., General Motors Corporation and Speaker Shop, Inc."

In lieu of answering, Royal moved to dismiss MetLife's complaint, as well as all cross claims interposed against it, arguing that MetLife failed to state a cognizable cause of action. MetLife cross-moved to dismiss Royal's affirmative defenses or for summary judgment as against defendants Royal and Chevrolet. Supreme Court granted Royal's motion to dismiss the complaint, holding that no action against a third party for spoliation of evidence exists in New York, and the Appellate Division

affirmed. The Court concluded that Supreme Court properly dismissed the complaint because no cause of action exists in New York for "third-party spoliation" of evidence/impairment of claim or defense, either under the principles of negligence law or as an independent tort. This Court granted leave to appeal.[1] We now affirm.

On this appeal MetLife argues that Royal had a duty to preserve the damaged vehicle and that Royal's failure to preserve the vehicle supports a cause of action for spoliation of evidence as an independent tort. Even if there were no duty to preserve the evidence, MetLife argues, Royal assumed that duty by agreeing in a telephone conversation that it would preserve the evidence and MetLife detrimentally relied on that promise. Defendants counter that a cause of action for spoliation should not be recognized as an independent tort or under a contract theory, that the burden of preserving evidence should be upon the party seeking its preservation and that no policy reason exists for making a third party liable for spoliation of evidence. There is no allegation in this case that the vehicle was deliberately destroyed in order to prevent an examination. Rather the allegation is that the evidence was destroyed "as a result of the negligence, carelessness and recklessness of the defendant."

### DISCUSSION

A cause of action for spoliation of evidence is a relatively recent phenomenon in the law (*see* Benjamin T. Clark, *The License to Spoliate Must Be Revoked: Why Missouri Should Recognize a Tort for Third-Party Spoliation*, 59 J Mo B 308 [2003]; Stefan Rubin, *Tort Reform: A Call for Florida to Scale Back Its Independent Tort for the Spoliation of Evidence*, 51 Fla L Rev 345 [1999]; Bart S. Wilhoit, *Spoliation of Evidence: The Viability of Four Emerging Torts*, 46 UCLA L Rev 631 [1998]).[2]

One traditional method of dealing with spoliation of evidence in New York has been CPLR 3126 where sanctions, including

---

1. Although claims remain pending as to the other defendants, all claims and cross claims asserted by or against defendant Royal have been dismissed.

2. In *Smith v Superior Ct.* (151 Cal App 3d 491, 496, 198 Cal Rptr 829, 832 [1984]), the Court of Appeal held that the facts warranted a new tort "to cover the intentional spoliation of evidence." In two recent cases, however, the Supreme Court of California has rejected a cause of action for the intentional spoliation of evidence by a party to the litigation and by a third party (*Cedars-Sinai Med. Ctr. v Superior Ct.*, 18 Cal 4th 1, 954 P2d 511 [1998]; *Temple Community Hosp. v Superior Ct.*, 20 Cal 4th 464, 976 P2d 223 [1999]). While some

dismissal, have been imposed for a party's failure to disclose relevant evidence (*see e.g. New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652 [2d Dept 2001]).

Similarly, the Appellate Divisions have held that spoliation of evidence by an employer may support a common-law cause of action when such spoliation impairs an employee's right to sue a third-party tortfeasor. For example, in *DiDomenico v C & S Aeromatik Supplies* (252 AD2d 41 [2d Dept 1998]), the Appellate Division invoked the rule against plaintiff's employer, United Parcel Service, after the employee's eye was damaged by a caustic liquid sprayed from a package he was handling. DiDomenico had requested the cooperation of UPS in identifying the manufacturer, packer and shipper of the caustic liquid that injured him. UPS not only failed to preserve the package containing the liquid but also delayed in providing appropriate records. As a result, DiDomenico could not sustain an action against the manufacturer and the manufacturer could not defend itself against a claim.

The Appellate Division struck the answer of UPS pursuant to CPLR 3126, noting that

> "Separate and apart from CPLR 3126 sanctions is the evolving rule that a spoliator of key physical evidence is properly punished by the striking of its pleading. This sanction has been applied even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided it was on notice that the evidence might be needed for future litigation" (252 AD2d at 53; *see also Kirkland v New York City Hous. Auth.*, 236 AD2d 170 [1st Dept 1997]).

The case at bar is substantially different from *DiDomenico* in that at no time did MetLife seek or obtain a court order to compel the preservation of the vehicle. As MetLife acknowledges, it could have sought pre-action disclosure or a temporary restraining order. It also could have bought the car from Royal, offered to pay the costs associated with preservation or commenced suit and issued a subpoena duces tecum to Royal. MetLife did none of these things.

In other instances, New York courts have specifically rejected a cause of action for spoliation of evidence (*Monteiro v R.D.*

states, following *Smith,* have recognized a cause of action for spoliation of evidence, others have not.

*Werner Co.*, 301 AD2d 636 [2d Dept 2003] [municipal employer had no duty to preserve a scaffold which allegedly caused plaintiff's injuries and the municipality was not on notice that an action was contemplated against a third party]; *Ripepe v Crown Equip. Corp.*, 293 AD2d 462 [2d Dept 2002] [employer had no duty to preserve a pallet jack which had rolled over the plaintiff's foot and no cause of action for spoliation of evidence could be brought because it was not on notice that the evidence would be needed for litigation]; *Curran v Auto Lab Serv. Ctr.*, 280 AD2d 636 [2d Dept 2001] [plaintiff could not bring a third-party action against his employer for failure to preserve a truck destroyed in an accident because the employer was not on notice to preserve it]).

In this case it is clear that Royal had no duty to preserve the vehicle. There is no dispute that Royal owned the vehicle. Moreover, no relationship existed between MetLife and Royal that would give rise to such a duty. Additionally, MetLife made no effort to preserve the evidence by court order or written agreement. Although MetLife verbally requested the preservation of the vehicle, it never placed that request in writing or volunteered to cover the costs associated with preservation. The burden of forcing a party to preserve when it has no notice of an impending lawsuit, and the difficulty of assessing damages militate against establishing a cause of action for spoliation in this case, where there was no duty, court order, contract or special relationship.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO and READ concur; Judge R.S. SMITH taking no part.

Order affirmed, with costs.