■ In the Matter of CITY OF SYRACUSE, Appellant, v KARLOTTA Z. COMERFORD, as Assessor of Town of DeWitt, et al., Respondents, et al., Respondents-Defendants. [787 NYS2d 788]—

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered December 8, 2003 pursuant to RPTL article 7 and CPLR article 78. The order, among other things, granted the motion of respondents-defendants Karlotta Z. Comerford, as Assessor of Town of DeWitt, Board of Assessment Review of Town of DeWitt and Town of DeWitt to dismiss the first, second, fourth, fifth and sixth causes of action against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion with respect to the sixth cause of action and reinstating that cause of action against respondents-defendants Karlotta Z. Comerford, as Assessor of Town of DeWitt, Board of Assessment Review of Town of DeWitt and Town of DeWitt and as modified the order is affirmed without costs.

Memorandum: As owner and operator of Syracuse Hancock International Airport (Airport), the City of Syracuse (City) commenced this hybrid RPTL article 7/CPLR article 78 proceeding and declaratory judgment action against, inter alia, certain of the Airport's host municipalities. The City seeks to preclude respondents-defendants from exacting up to $7 million in annual real property taxes from the City pursuant to recent reassessments of the Airport property in excess of $204 million. As limited by its brief, the City contends that Supreme Court erred in granting those parts of the motion of respondents-defendants Town of DeWitt (Town), its assessor, and its Board of Assessment Review (collectively, defendants) to dismiss the first and fourth through sixth causes of action of the petition/complaint (complaint) against them for failure to state a cause of action (see CPLR 3211 [a] [7]).

We conclude that the court properly dismissed the first, fourth, and fifth causes of action inasmuch as they do not state

viable claims premised on federal statutes, the constitutional supremacy of federal law, or the doctrine of preemption (*see* 49 USC § 40116 [d], [e]; § 41713 [b] [1]; § 47107 [*l*] [2] [C]; *see generally Morales v Trans World Airlines*, 504 US 374, 385-388 [1992]; *United Parcel Serv. v Flores-Galarza*, 318 F3d 323, 334-336 [2003]; *Arapahoe County Pub. Airport Auth. v Federal Aviation Admin.*, 242 F3d 1213, 1221-1223 [2001], *cert denied* 534 US 1064 [2001]).

We further conclude, however, that the sixth cause of action states a viable claim for the City's entitlement to the tax exemption conferred by RPTL 406 (7) and that the court therefore erred in dismissing that cause of action. Thus, we modify the order accordingly. We note that the statute grants a property tax exemption to a municipal owner of an airport under circumstances alleged to be applicable herein. We further note that, for purposes of this motion to dismiss for failure to state a cause of action, "we must accept as true the facts alleged in the complaint and in the submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit within any cognizable legal theory" (*MetLife Auto & Home v Joe Basil Chevrolet*, 303 AD2d 30, 31 [2002], *affd* 1 NY3d 478 [2004]; *see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). Based upon our reading of RPTL 406 (7), we reject the court's conclusion that a mere "offer" to pay or "tender[ ]" of the taxes computed based on the law in effect in 1968, absent defendants' acceptance of that offer or tender, would negate the City's entitlement to the statutory tax exemption.

The court further concluded that the statute is inapplicable because there had been a "substantial expansion of the airport property" since 1968. We note that the statute by its terms applies only to that property located within the host municipality and used as an airport in 1968. However, we are unable on the record before us to ascertain to what extent the Airport has been expanded within the Town. Moreover, the fact that only some of the Airport property may be tax exempt does not warrant dismissal of the cause of action. Finally, we note that the court did not rely upon the City's failure to apply for a tax exemption as a basis for dismissal of the sixth cause of action, nor do defendants contend on appeal that the City is ineligible for the exemption because it did not submit an application therefor. Thus, we express no opinion with respect to that issue. Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.