*312 OPINION OF THE COURT
Laura Jacobson, J.
Plaintiffs moved for an order striking defendant’s answer for spoliation of evidence, granting summary judgment on the basis of negligence per se, setting the matter down for a trial on the issue of damages and directing inverse evidence charges. In an order dated April 14, 2004, this court granted plaintiffs leave to renew their motion to strike the answer of defendant City of New York and the City was directed to provide an affidavit from one with knowledge of record keeping as to the policy and procedures used with records relating to the shut off of water or produce the records relating to the shut off of water at the subject property within 45 days.
The City provided three affidavits in response to the directive of this court. The City’s search for records relating to 454 Greene Avenue and 454A Greene Avenue produced records that show when the service lines for both buildings were installed and also that on February 19, 1982 the tap for 454 Greene Avenue was shut off. However, the search did not show that there were any 3-day or 10-day notices in the 14-year period prior to May 22, 1999.
Plaintiffs contend that the City spoliated the records including any 3-day and 10-day notices in violation of previous court orders to produce the information. Plaintiffs also contend that the City was responsible for the nonfunctional sprinklers at 454A Greene Avenue because it accidentally shut off the water line to 454A Greene Avenue.
In opposition, the City submitted an affidavit from Ernest Cavagnaro, Chief of Repairs of the Division of Water and Sewer Operations of the Department of Environmental Protection (hereinafter DEP) wherein he stated that there are service lines that supply water to buildings and fire lines that supply water to sprinkler systems. When DEP receives notice that there is a leak (nonemergency) a 3-day notice is sent to the owner of the premises. If the water leak is not repaired DEP will shut off the tap and serve the owner with a 10-day notice informing the owner that the service line would be disconnected, if repairs are not imminently made. In an emergency DEP will shut off the tap and give the owner a 10-day notice to make the necessary repairs. DEP notifies the tapping division whenever a service line is shut off and the fire department is also notified if the building’s fire line is shut. The City also submitted an affidavit from Herbert Kass who has been an employee of DEP for 41 *313 years. Mr. Kass stated that, in order for a homeowner to make repairs to a service line from the City’s water main, a licensed plumber must apply to DEP for a permit to complete the work. Upon completion of the work the plumber then files a certification with DEP as to what work was done and that it was done properly. The installation and repair or replacement of all fire lines are inspected by DEP personnel. DEP records this information on a TAP card which is kept indefinitely.
“Traditionally, spoliation has been defined as the ‘intentional destruction, mutilation, alteration, or concealment of evidence, [usually] a document’ (Black’s Law Dictionary 1409 [7th ed 1999]). As employed in case law, however, spoliation is a much broader term, one that has been applied to intentional conduct ranging from the deliberate destruction of evidence with fraudulent intent to innocent practices and occurrences in the ordinary course of business or events. Moreover, despite its denotation of intentionality, the term has been applied in case law to unintentional conduct” (Metlife Auto & Home v Basil Chevrolet, 303 AD2d 30, 33-34 [2002], affd 1 NY3d 478 [2004]).
CPLR 3126 includes preclusion and striking of the pleadings or parts thereof as sanctions for the wilful failure to disclose information pursuant to an order or that the court determines ought to have been disclosed. The spoliation doctrine has also been applied in cases where the destruction of the evidence occurs through negligence (see DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41 [2d Dept 1998]). The determination of whether a sanction is warranted is based on the extent that the spoliation prejudices the other party and whether the sanction is necessary as a matter of elementary fairness (Puccia v Farley, 261 AD2d 83 [3d Dept 1999]).
It is evident from the City’s responses that the DEP records for both 454 Greene Avenue and 454A Greene Avenue are incomplete. The fire department records indicate that the fire line to 454A was shut off and this is not recorded in the DEP files. The TAP record for 454 Greene Avenue indicates that the sprinkler line was shut off in 1982. However, there is no record of the requisite notices to the owner. The City offers no explanation as to the policies and procedures with regard to the maintenance of other records including reports of leaks and 3-day and 10-day notices.
*314 Plaintiffs contend that the outcome of the fire would have been different if the. sprinklers were working. The fire department records establish that the sprinkler did not function because the fire line from the water main was shut off. DEP’s policy is to inspect any work completed on fire lines and no record of such an inspection has been produced. The lack of records regarding the circumstances surrounding the shut off of the fire line to 454A Greene Avenue precludes any information on the party that conducted the repair and whether the required inspections were conducted. The fire occurred approximately 17 years after the fire line was shut off and it is incredible that this situation existed for such a long period of time.*
There is no evidence that the City intentionally destroyed records and that theory does not apply under the facts in this action. Negligent spoliation requires “proof of the destruction of evidence, the existence of a duty, damages, and proximate causation” (Annotation, Negligent Spoliation of Evidence, Interfering with Prospective Civil Action, as Actionable, 101 ALR5th 61, 82). Based on the information submitted by the City, there are records such as the notices to the owner that have not been provided. However, because the shutoff occurred so long before the fire, the possibility of the records being lost or misplaced is substantially increased. The City has also not provided a complete explanation of the policies and procedures with regard to maintenance of records such as notices to owners and inspection records. Therefore, there is no question that pertinent evidence is missing. The question becomes what was the City’s duty to preserve evidence in this action. Any such duty would not have arisen before the date of the fire and, given the extended period of time between the shut off of the fire line and the date of the fire, the probability of the existence of complete records would not be great. Therefore, in the order dated April 14, 2004, the aim of the directive of this court was to have the City make a diligent effort to produce records and to clarify record keeping procedures including how long the records are kept. The City made a good faith effort to comply with the order and the information produced by the City did shed more light on the procedures and record keeping with water shutoffs. There is nothing to indicate that complete records were available at the *315 time of the fire. Therefore, there is insufficient evidence to support a finding that the City breached its duty to preserve evidence.
Accordingly, plaintiffs motion is denied.

 Although there is some indication that the building may have been vacant during some periods during those 17 years, the records also reflect that the City agencies had knowledge that it was occupied at various times through their contact with the building.