■ MARLY MILLARD, Respondent, v ALLIANCE LAUNDRY SYSTEMS, LLC, Respondent, et al., Defendant. USA CLEAN, Improperly Sued as USA CLEAN, Formerly Known as FRONTIER SUPPLY & EQUIPMENT, Third-Party Plaintiff, v TRAMZ HOTELS, INC., Doing Business as HOLIDAY INN, Third-Party Defendant-Appellant, et al., Third-Party Defendant. ALLIANCE LAUNDRY SYSTEMS, LLC, Third-Party Plaintiff, v TRAMZ HOTELS, INC., Doing Business as

HOLIDAY INN, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [798 NYS2d 622]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 9, 2004 in a personal injury action. The order, insofar as appealed from, granted plaintiff's motion for leave to amend the complaint to assert direct causes of action against third-party defendant Tramz Hotels, Inc., doing business as Holiday Inn.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed in the exercise of discretion without costs and the motion is denied.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in the course of her employment while operating a clothes dryer manufactured by defendant Alliance Laundry Systems, LLC and sold to her employer by defendant USA Clean, formerly known as Frontier Supply & Equipment. Plaintiff asserted causes of action for strict products liability, breach of express and/or implied warranties, failure to warn and negligence. Those defendants then each commenced a third-party action against plaintiff's employer, Tramz Hotels, Inc., doing business as Holiday Inn (Tramz). Following discovery, plaintiff moved for leave to amend the complaint "to assert direct causes of action against Tramz . . . for spoliation of evidence, negligent impairment of ability to assert third-party claim, and breach of bailment." In support of her motion, plaintiff alleged that Tramz destroyed evidence in contravention of a court order permitting further inspection. We conclude that Supreme Court improvidently exercised its discretion in granting the motion where, as here, the court has jurisdiction over the alleged spoliating party. Rather, if it is indeed established that Tramz improperly destroyed evidence, the court may impose such sanctions against Tramz as it deems appropriate (cf. Klein v Ford Motor Co., 303 AD2d 376, 377 [2003]; DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 48-53 [1998]).

All concur except Gorski and Pine, JJ., who dissent and vote to affirm in the following memorandum:

Gorski and Pine, JJ. (dissenting). We respectfully dissent and conclude that Supreme Court properly granted the motion

"seeking an [o]rder granting [l]eave to [a]mend the [c]omplaint to assert direct causes of action against [third-party defendant Tramz Hotels, Inc., doing business as Holiday Inn (Tramz),] for spoliation and negligent impairment of [p]laintiff's claim." Generally, " '[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*McFarland v Michel*, 2 AD3d 1297, 1300 [2003], quoting *Letterman v Reddington*, 278 AD2d 868, 868 [2000]; *see* CPLR 3025 [b]; *Nastasi v Span, Inc.*, 8 AD3d 1011, 1013 [2004]; *Nizam v Friol*, 294 AD2d 901, 902 [2002]), and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see also* CPLR 3025 [b]). Because the parties do not address the issue of prejudice, we address only the merits of the proposed causes of action.

Plaintiff, an employee of Tramz, alleges that she was injured during the course of her employment while operating a clothes dryer. Upon noticing laundry hanging outside the dryer, plaintiff opened the door to insert the laundry. The dryer allegedly failed to turn off, causing plaintiff's arm to become entangled and, as a result, plaintiff sustained serious injuries to her arm. During the course of discovery, various parties were permitted to inspect the dryer. The parties thereafter scheduled an additional inspection of the dryer during which each party's expert would be present. Shortly before that scheduled inspection, the expert for Tramz inspected the dryer, taking it apart in the process. Although Tramz preserved the component parts of the dryer, the experts for the remaining parties were effectively precluded from inspecting the dryer before it was dismantled. The issue on this appeal is whether the conduct of Tramz in dismantling the dryer supports plaintiff's proposed causes of action for spoliation and negligent impairment of plaintiff's claims against the named defendants. We conclude that it does.

Contrary to the contention of Tramz, the Court of Appeals in *MetLife Auto & Home v Joe Basil Chevrolet* (1 NY3d 478 [2004]) did not adopt a per se rule precluding causes of action against a plaintiff's employer for spoliation or negligent impairment of the plaintiff's claims. Rather, the Court declined to recognize such causes of action on the facts of that case, where the alleged spoliator had no notice of an impending lawsuit and "no duty, court order, contract or special relationship" obligating it to preserve the evidence (*id.* at 484). Where an employer has notice of a lawsuit and an alleged obligation to preserve evidence, however, the Second Department has permitted an employee to

pursue a cause of action against the employer "for impairing his [or her] right to sue a third-party tortfeasor" by spoliation of evidence (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *see Vaughn v City of New York*, 201 AD2d 556, 557-558 [1994]; *see generally Monteiro v R.D. Werner Co.*, 301 AD2d 636, 637 [2003]). Although the majority would limit plaintiff's relief to sanctions against Tramz, we conclude that the court properly granted plaintiff's motion for leave to amend the complaint to add viable causes of action inasmuch as Tramz had notice of plaintiff's action and plaintiff alleges that Tramz had an obligation to preserve the evidence (*cf. Monteiro*, 301 AD2d at 637). Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.