Susan B. Brown et al., Appellants, v DePuy AcroMed, Inc., Defendant, and Genesee Hospital, Respondent. [801 NYS2d 681]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered July 7, 2004. The order, insofar as appealed from, denied in part plaintiffs' motion for leave to serve an amended complaint and granted the cross motion of defendant Genesee Hospital for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for, inter alia, injuries sustained by Susan B. Brown (plaintiff) as the result of the breakdown of allegedly defective screws that were surgically implanted in her spine. Contrary to the contention of plaintiffs, Supreme Court properly denied that part of their motion for leave to serve an amended complaint adding causes of action against defendant Genesee Hospital (hospital) for the hospital's "negligent impairment of [plaintiffs'] ability to sue [defendant DePuy AcroMed, Inc. (AcroMed)] by virtue of [the hospital's] failure to preserve the subject screw fragments" and for "administrative negligence," and the court properly granted the cross motion of the hospital for summary judgment dismissing the complaint against it.

Addressing first the propriety of the order with respect to the hospital's cross motion, we reject plaintiffs' contention that the court should have denied the cross motion pursuant to the doctrine of law of the case. It appears from the record that the United States District Court for the Western District of New York granted plaintiffs' motion to "remand" the case to Supreme Court on the ground that it had been "removed to [federal court] improvidently." The record contains the transcript of the proceeding in federal court on that motion, in

which the court stated that, in determining whether the requisite diversity existed to maintain the action in federal court, the court would "treat it similar to a motion to dismiss in the sense that I take the pleading, the complaint, and if there are any set of facts that would support what's alleged in the complaint, just like the motion to dismiss, I deny it, it goes forward. What may happen down the road in terms of summary judgment . . . is for another day." Thus, according to the statement of federal court, the matter before it was not treated as a motion for summary judgment, and it therefore cannot be said that the doctrine of law of the case applies to the hospital's cross motion (*see generally Riddick v City of New York*, 4 AD3d 242, 245 [2004]; *Del Castillo v Bayley Seton Hosp.*, 232 AD2d 602, 603-604 [1996]).

We also reject the further contention of plaintiffs that the court erred in denying that part of their motion seeking leave to amend the complaint to add a cause of action for negligent impairment of their right to sue AcroMed, which essentially is a cause of action for spoliation of evidence. That proposed cause of action is based upon allegations that plaintiff asked hospital personnel to preserve certain screw fragments as evidence and that they failed to do so. The surgeon's report indicates that the screws could not be removed but, even assuming, arguendo, that fragments were removed and not preserved, we conclude that the allegations in the proposed cause of action do not make out a cause of action for spoliation of evidence (*see generally MetLife Auto & Home v Joe Basil Chevrolet*, 1 NY3d 478, 482-483 [2004]). Plaintiff did not, inter alia, offer to pay the costs associated with preservation of the purported evidence, nor did she issue a subpoena duces tecum to the hospital or "seek or obtain a court order to compel the preservation of the" evidence at issue (*id.* at 483). We thus conclude that the court properly denied that part of plaintiffs' motion based on its conclusion that the proposed amendment is patently without merit (*see generally C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.]*, 15 AD3d 905 [2005]).

Also contrary to plaintiffs' contention, the court properly denied that part of plaintiffs' motion with respect to the proposed "administrative negligence" cause of action. The record establishes that the doctor who performed the surgery was not a hospital employee and that the hospital took no part in the decisions that led to the implantation of the screws at issue, and thus the record establishes as a matter of law that there is no basis for a negligence cause of action against the hospital (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). We note

that plaintiffs do not contend on appeal that the hospital's alleged negligence after the surgeries in December 2000 related back to the 1996 surgery at issue in the proposed "administrative negligence" cause of action, and thus plaintiffs are deemed to have abandoned any contention with respect thereto (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We have considered plaintiffs' remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Martoche, Smith and Hayes, JJ.