# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**192**

**CA 09-02609**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

DOREEN DENGLER AND CHARLES DENGLER,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

STEVEN J. POSNICK, M.D.,
DEFENDANT-APPELLANT-RESPONDENT,
HIGHLAND HOSPITAL, UNIVERSITY OF ROCHESTER
AND STRONG PARTNERS HEALTH SYSTEMS, INC.,
DEFENDANTS-RESPONDENTS.

HIRSCH & TUBIOLO, P.C., ROCHESTER (CHRISTOPHER S. NOONE OF COUNSEL),
FOR DEFENDANT-APPELLANT-RESPONDENT.

LACY KATZEN LLP, ROCHESTER (PETER T. RODGERS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (DANIEL P. PURCELL OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order and judgment (one paper) of
the Supreme Court, Monroe County (John J. Ark, J.), entered November
12, 2009 in a medical malpractice action.  The order and judgment,
inter alia, granted plaintiffs' motion for partial summary judgment on
liability against defendant Steven J. Posnick, M.D. and granted the
cross motion of defendants Highland Hospital, University of Rochester
and Strong Partners Health Systems, Inc. for summary judgment
dismissing the complaint against them.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying that part of plaintiffs'
motion seeking partial summary judgment on liability against defendant
Steven J. Posnick, M.D., and as modified the order and judgment is
affirmed without costs.

Memorandum:  Plaintiffs commenced this medical malpractice action
to recover damages for a burn injury sustained by Doreen Dengler
(plaintiff) while she was undergoing arthroscopic surgery on her right
shoulder.  Defendant Steven J. Posnick, M.D. was plaintiff's private
physician, and he performed the surgery at defendant Highland
Hospital.  Posnick was assisted by a surgical resident and nursing
staff, all of whom were employed by Highland Hospital, which was
owned, operated or controlled by defendants University of Rochester
and Strong Partners Health Systems, Inc. (collectively, Hospital

defendants).  Posnick and the surgical resident conceded that the burn occurred during surgery and that it was "most likely" caused by the overheating of an instrument.  Both physicians denied that they were negligent and contended that the instrument was defective.  Plaintiffs moved for partial summary judgment on liability based on the theory of res ipsa loquitur.  Posnick cross-moved for summary judgment dismissing the complaint against him, and the Hospital defendants cross-moved for summary judgment dismissing the complaint against them.  Supreme Court granted that part of plaintiffs' motion with respect to Posnick, denied Posnick's cross motion and granted the Hospital defendants' cross motion.

We agree with Posnick on his appeal that the court erred in granting that part of plaintiffs' motion with respect to him, and we therefore modify the order and judgment accordingly.  "In New York it is the general rule that submission of the case on the theory of res ipsa loquitur is warranted only when the plaintiff can establish the following elements:  (1) the event must be of a kind [that] ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [internal quotation marks omitted]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494).  "Res ipsa loquitur does not create a presumption in favor of the plaintiff but merely permits the inference of negligence to be drawn from the circumstance of the occurrence . . . The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible inference" (*Dermatossian*, 67 NY2d at 226; *see Morejon*, 7 NY3d at 209).  "[O]nly in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment . . . That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (*Morejon*, 7 NY3d at 209; *see Lau v Ky*, 63 AD3d 801; *Simmons v Neuman*, 50 AD3d 666).

Here, the evidence submitted by plaintiffs in support of their motion established that the inference of negligence is not inescapable and that this is not "the exceptional case in which no facts are left for determination" (*Morejon*, 7 NY3d at 212; *see Champagne v Peck*, 59 AD3d 1130; *cf. Thomas v New York Univ. Med. Ctr.*, 283 AD2d 316; *Salter v Deaconess Family Medicine Ctr.* [appeal No. 2], 267 AD2d 976).  The burden thus never shifted to defendants to raise a triable issue of fact, and we do not address plaintiffs' contentions concerning the sufficiency of Posnick's opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Contrary to the further contention of Posnick, however, the court properly denied his cross motion seeking summary judgment dismissing the complaint against him because, "[o]nce a plaintiff's proof establishes the . . . three [elements of res ipsa loquitur], a prima facie case of negligence exists and plaintiff is entitled to have res

ipsa loquitur charged to the jury" (*Kambat*, 89 NY2d at 494).

We reject the contention of plaintiffs on their cross appeal that the court erred in granting the cross motion of the Hospital defendants for summary judgment dismissing the complaint against them. "As a general rule, a hospital will not be held vicariously liable for the malpractice of a treating physician who is not an employee of the hospital" (*Litwak v Our Lady of Victory Hosp. of Lackawanna*, 238 AD2d 881, 881; *see generally Hill v St. Clare's Hosp.*, 67 NY2d 72, 79; *Lorenzo v Kahn*, 74 AD3d 1711, 1712-1713), and "a hospital is protected from liability where its professional staff follows the orders of private physicians selected by the patient" (*Litwak*, 238 AD2d at 882 [internal quotation marks omitted]; *see Lorenzo*, 74 AD3d at 1712-1713; *Nagengast v Samaritan Hosp.*, 211 AD2d 878, 880).  "The only recognized exception is where the hospital staff knows that the [physician's] orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders" (*Nagengast*, 211 AD2d at 880 [internal quotation marks omitted]; *see Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 n 3, *rearg denied* 22 NY2d 973).  Here, there is no dispute that the resident and the nurses were following Posnick's orders, and there is no evidence that any of Posnick's orders were clearly contraindicated by normal practice (*cf. Lorenzo*, 74 AD3d at 1712-1713).  Thus, the Hospital defendants established their entitlement to judgment as a matter of law, and plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We reject plaintiffs' further contention that the Hospital defendants had concurrent control of the instrument causing the injury (*cf. Schroeder v City & County Sav. Bank of Albany*, 293 NY 370, 374, *rearg denied* 293 NY 764).  Also contrary to plaintiffs' contention, the Hospital defendants were not liable for spoliation of evidence (*see generally MetLife Auto & Home v Joe Basil Chevrolet*, 1 NY3d 478, 483-484).  The Hospital defendants had no duty to preserve the allegedly defective instrument inasmuch as neither Posnick nor plaintiffs offered to pay the costs associated with the preservation of evidence, issued a subpoena duces tecum or obtained an order compelling preservation (*see e.g. MetLife Auto & Home*, 1 NY3d at 483; *Brown v DePuy AcroMed, Inc.*, 21 AD3d 1431, 1433; *cf. Millard v Alliance Laundry Sys., LLC*, 20 AD3d 866, 867).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court