■ ROSEMARIE CABAN, as Administratrix of the Estate of JOHN CABAN, Deceased, Appellant, et al., Plaintiffs, v BONACO CONSTRUCTION CORP. et al., Defendants, and SLATTERY ASSOCI-

ATES, INC., et al., Respondents. (Action No. 1.) RALPH DAVIS, Appellant, v BONACO CONSTRUCTION CORP. et al., Defendants, and SLATTERY ASSOCIATES, INC., et al., Respondents. (Action No. 2.) (And Two Third-Party Actions.)—Judgment, Supreme Court, New York County (Edward Lehner, J.), entered August 24, 1990, which, *inter alia,* granted defendants Berger Lehman Associates, P. C. and Slattery Associates, Inc.'s motions for summary judgment dismissing plaintiffs' complaints unanimously affirmed, without costs.

Appeal from the order of the same court entered on or about November 6, 1989, is dismissed, without costs, said order having been subsumed in the judgment.

Order, of the same court entered on or about June 14, 1990 *inter alia* granting defendant Jandous Electric Company's motion for summary judgment against plaintiffs, unanimously affirmed, without costs.

These two personal injury actions arise out of an explosion and fire which occurred on July 29, 1983, just north of the Union Square IRT subway station while several New York City Transit Authority (NYCTA) employees one of whom died from injuries sustained, were engaged in the installation of guard and running rail plates. Plaintiff Davis, one of the injured workers and Rosemarie Caban, the administratrix of the deceased worker, commenced this action against the various contractors engaged by NYCTA to repair and install new tracks and perform certain electrical and signal work.

We have reviewed the record and agree that the IAS court properly granted the motions of defendants Slattery Associates, Inc., Jandous Electric Company and Berger Lehman Associates to dismiss plaintiffs' complaints as well as all cross claims and counterclaims asserted against them, as no material triable issues of fact existed concerning whether any of their employees caused the fatal explosion and fire. Furthermore, plaintiffs failed to come forward with evidence, except for unexplained workers in non-Transit Authority uniforms, that one or several of the defendants' employees were doing construction work on or near the site of the explosion. Concur —Carro, J. P., Ellerin, Smith and Rubin, JJ.