■ TYRONE VAUGHN et al., Respondents, v CITY OF NEW YORK et al., Defendants, and BUFFALO WEAVING AND BELTING, Defendant and Third-Party Plaintiff. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Appellant. (And Other Related Actions.) [607 NYS2d 726] —In an action to recover damages for personal injuries, etc., the third-party defendant New York City Transit Authority, appeals from (1) so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated October 22, 1991, as granted the plaintiffs' motion to amend their complaint to include direct causes of action against it, and (2) an order of the same court, dated June 10, 1992, which granted the plaintiffs' motion to preclude the appellant from offering certain evidence.

Ordered that the order dated October 22, 1991, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 10, 1992, is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the motion to preclude the appellant from offering certain evidence, after a hearing is held.

On May 17, 1989, the plaintiffs were allegedly injured as they were performing repair work on a subway track in Brooklyn. The plaintiffs allege that as they were working on a portion of the track, one of the rails slid out of place and hit an insulating mat that had been placed over the third rail, which caused a fire and explosion.

On or about October 31, 1989, the law firm representing the plaintiffs sent a letter to the appellant New York City Transit Authority (hereinafter the Transit Authority) advising it of its intention to commence a products liability suit against the manufacturer of the mat and requesting that the mat be preserved for its inspection.

The plaintiffs commenced an action against the City of New

York, Buffalo Weaving and Belting, T & B Specialties, Inc., and the Metropolitan Transit Authority. The plaintiffs alleged that they sustained serious personal injuries as a result of the defendants' negligence in the maintenance of the tunnel and the defective manufacture of the insulating mat. Separate third-party actions were then commenced by Buffalo Weaving and Belting, T & B Specialties, Inc., and the City of New York, seeking contribution and/or indemnification from the Transit Authority.

The plaintiffs served a notice of discovery and inspection dated March 20, 1990, upon the Transit Authority, requesting production of the mat. By letter dated May 2, 1990, the Transit Authority responded that it was searching for the mat. On May 30, 1990, a preliminary conference was held wherein the Supreme Court directed the Transit Authority to make the mat available for inspection within 45 days and provide the name and address of the manufacturer of the mat.

The Transit Authority failed to produce the mat or disclose the identity of the manufacturer. The plaintiffs thereafter moved for leave to amend their complaint to include direct causes of action against the Transit Authority based upon intentional or negligent impairment of their ability to sue a third party, prima facie tort, and fraud. The Supreme Court granted the motion and allowed the plaintiffs to amend the complaint without prejudice to the making of a motion to dismiss or for summary judgment.

The plaintiffs later moved to preclude the Transit Authority from offering, *inter alia,* expert testimony and a report of the results of laboratory testing performed on the subject mat after the accident. They argued that the Transit Authority had negligently or intentionally discarded the mat upon its return from the laboratory where it had been sent for testing and analysis.

In opposition to the motion, the Transit Authority argued that the mat had been discarded in the regular course of business and prior to its receiving notice of the plaintiffs' intention to bring suit. Additionally, the Transit Authority argued that the mat could not be found despite a diligent search, and in any event, the plaintiffs were not prejudiced because they had received a copy of the laboratory report.

The court granted the motion to preclude, finding that "through some carelessness on the part of the [Transit Authority] it is now impossible for the plaintiff[s] to conduct [their] own examination of the subject mat." The court noted

that the extreme sanction of preclusion was necessary to deter this type of carelessness in the future.

On appeal, the Transit Authority argues that the mat was discarded innocently and without any intention to deprive the plaintiffs of their right to pursue a claim against any party. Further, the Transit Authority contends that it was under no duty to preserve the mat on the plaintiffs' behalf because it had not been provided with notice of their intention to commence suit prior to discarding the mat.

The record here does not conclusively establish that the mat was discarded innocently prior to any notice to the Transit Authority that the plaintiffs intended to file a lawsuit. Indeed, it is unclear whether the Transit Authority has conducted a sufficiently diligent search to establish that the mat cannot in fact be found, or that other records in its possession would not disclose the identity of the mat's manufacturer. Although the plaintiffs have received a copy of the laboratory report analyzing the subject mat, we note that the identity of the manufacturer is not revealed therein.

Under the circumstances of this case, we conclude that the court did not act improvidently in permitting the plaintiffs to amend their complaint by interposing direct causes of action against the Transit Authority, their employer, in accordance with the holding of the Appellate Division, Third Department in *Coley v Arnot Ogden Mem. Hosp.* (107 AD2d 67; *see also, Caban v Gottlieb Iron Works,* 147 Misc 2d 583, *affd sub nom. Caban v Bonaco Constr. Corp.,* 172 AD2d 377). However, we also conclude that the record at this juncture does not support the extreme sanction of preclusion. Absent conclusive evidence that the mat was willfully discarded or destroyed to frustrate the plaintiffs' interests, the court should have considered less drastic remedies *(see, Prasad v B. K. Chevrolet,* 184 AD2d 626). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.