■ KENNETH MCALLISTER, Appellant, v RENU INDUSTRIAL TIRE CORP., Respondent. [609 NYS2d 92] —In an action to recover damages for "fraudulent and intentionally tortious conduct" based upon the destruction of evidence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated March 3, 1992, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 12, 1988, the plaintiff, during the course of his employment, was injured when a split-rim multi-piece tire assembly on which the plaintiff was working exploded.

While the plaintiff was in the hospital, he was visited by defendant's president, Stephen Nowotarski who assured the plaintiff that his injuries would be covered in total through the workers' compensation insurance maintained by the defendant.

Sometime after the plaintiff's accident the split-rim assembly which had caused his injury was discarded.

On or about July 2, 1990, the plaintiff commenced this action against the defendant, his employer, to recover damages for "fraudulent and intentional" impairment of the plaintiff's right to sue the manufacturer of the split-rim assembly.

During discovery, the plaintiff testified at a deposition that there was never any promise or agreement between himself and the defendant to preserve the split-rim assembly. Stephen Nowotarski, the defendant's president, also testified at his deposition that there was never any promise or agreement on the the defendant's part to preserve the split-rim for the plaintiff's possible future lawsuit against the manufacturer.

The defendant moved for summary judgment dismissing the plaintiff's complaint. The Supreme Court granted the defendant's motion stating that it would be "totally unreasonable" to require employers to preserve all instrumentalities causing injuries to employees pending the possible commencement of a third-party lawsuit.

The Supreme Court properly granted the defendant's motion for summary judgment because the defendant had no duty to preserve the split-rim assembly at any time after the plaintiff's accident *(see, Vaughn v City of New York,* 201 AD2d 556; *Coley v Ogden Mem. Hosp.,* 107 AD2d 67). Absent some promise or agreement to preserve the split-rim assembly prior to its destruction there can be no duty imposed upon the defendant *(see, Coley v Ogden Mem. Hosp., supra,* at 69). The record is clear that the split-rim assembly was innocently discarded by the defendant prior to any notice that the plaintiff intended to file a lawsuit *(see, Vaughn v City of New York, supra).* The plaintiff himself testified that there was no agreement to preserve the split-rim assembly prior to its destruction.

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.