■ ARMANDO CONSTANZA, Appellant, v ADAMATIC A CORP., Respondent. (And a Third-Party Action.) [633 NYS2d 407] —In an

action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Ingrassia, J.), dated June 2, 1994, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the plaintiff's complaint, and (2) an order of the same court, dated November 21, 1994, which denied a motion denominated as a motion to renew, but which was in actuality a motion for reargument.

Ordered that the appeal from the order dated November 21, 1994, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 2, 1994, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff was injured on a conveyor belt of a bread-making machine at his place of employment. The plaintiff alleged that the machine and its conveyor belt were manufactured by the defendant. The defendant, in turn, brought a third-party action against the plaintiff's employer, J.J. Cassone's Bakery. The plaintiff failed to establish that the defendant manufactured the conveyor belt, or that the defendant maintained and repaired it. Accordingly, the Supreme Court properly granted the defendant summary judgment *(see, Hymowitz v Lilly & Co.,* 73 NY2d 487, 504, *cert denied* 493 US 944; *D'Amico v Manufacturers Hanover Trust Co.,* 173 AD2d 263, 265-266).

The plaintiff contends that the third-party defendant is responsible for the failure of proof because it failed to preserve the machine for inspection, and therefore, summary judgment should not have been granted. The third-party defendant sold the machine approximately one year after the accident, but two years prior to the commencement of this action *(see, Vaughn v City of New York,* 201 AD2d 556, 558). Since the third-party defendant had no duty to preserve the machine after the plaintiff's accident *(see, McAllister v Renu Indus. Tire Corp.,* 202 AD2d 556, 557), the plaintiff's delay in moving to protect his interests should not now work to his benefit *(see, Berwecky v Montgomery Ward,* 214 AD2d 936). Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.