■ CAMILO BANEGAZ, Respondent, v F.L. SMITHE MACHINE Co., INC., Defendant and Third-Party Plaintiff-Respondent. COMMERCIAL ENVELOPE COMPANY, Third-Party Defendant-Appellant. [698 NYS2d 143] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 19, 1998, which, in an action by plaintiff worker against defendant product manufacturer to recover for work site injuries that required the complete amputation of plaintiff's right ring finger and partial amputation of his right pinky finger, denied the motion of third-party defendant, plaintiff's employer, for summary

judgment dismissing the manufacturer's third-party complaint for lack of a " 'grave injury' " within the meaning of Workers' Compensation Law § 11, unanimously affirmed, with costs.

To read the phrase "loss of multiple fingers" to mean, as the employer urges, a total loss of multiple fingers would be to render superfluous the word "total" selectively used before the phrase "loss of use * * * of a[ ] * * * hand". Had the Legislature intended that the "loss of multiple fingers" must be "total" in order to qualify as a grave injury, it would have used that word immediately before that phrase. Concur—Ellerin, P. J., Rosenberger, Tom, Andrias and Buckley, JJ.