■ Marvin Castro, Plaintiff, v United Container Machinery Group, Inc., Defendant and Third-Party Plaintiff-

Respondent. SOUTHERN CONTAINER CORP., Third-Party Defendant-Appellant. [710 NYS2d 90] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated August 9, 1999, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs payable by the respondent to the appellant, the motion is granted, and the third-party complaint is dismissed.

After he had the tips of five fingers amputated in an accident at work, the plaintiff brought the instant action against the defendant third-party plaintiff United Container Machinery Group, Inc. (hereinafter UCMG). UCMG, in turn, commenced a third-party action against the appellant Southern Container Corp. (hereinafter Southern), the plaintiff's employer. Southern moved for summary judgment dismissing the third-party action on the ground that the plaintiff's injuries did not constitute a "grave injury" as defined by Workers' Compensation Law § 11. The Supreme Court denied the motion. We reverse.

As part of the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635, §§ 2-9) (hereinafter the Act), section 11 of the Workers' Compensation Law was amended to provide that "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury'." Included in the statutory definition of "grave injury" is the "loss of multiple fingers" (Workers' Compensation Law § 11).

" 'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature' * * * As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 583). Under the circumstances of the instant case, the plaintiff's injuries did not constitute the "loss of multiple fingers" as defined by the statute, and therefore, his injuries did not constitute a "grave injury" as defined by Workers' Compensation Law § 11 (*see, Ibarra v Equipment Control,* 268 AD2d 13; *cf., Banegaz v Smithe Mach. Co.,* 266 AD2d 113). This result is consistent with the purpose of the Act, which " 'was to abolish most third-party actions so as to enhance the exclusivity of the Workers' Compensation Law, thereby reduc-

ing insurance premiums and decreasing the cost of doing business in New York' " (*Majewski v Broadalbin-Perth Cent. School Dist., supra*, at 589, quoting *Morales v Gross*, 230 AD2d 7, 12). Therefore, Southern is entitled to summary judgment dismissing the third-party complaint. Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.