■ HECKLER ELECTRIC COMPANY, INC., Respondent, v MATRIX EXHIBITS-NEW YORK, INC., Appellant, et al., Defendant. [718 NYS2d 213] —In an action, inter alia, to recover for work, labor, and services performed, the defendant Matrix Exhibits-New York, Inc., appeals from an order of the Supreme Court, Queens County (Milano, J.), dated January 15, 2000, which granted the plaintiff's motion for leave to amend its complaint to add four new causes of action against it and, in effect, to add Matrix Display & Exhibits, Inc., as a defendant.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to, in effect, add Matrix Display & Exhibits, Inc., as a defendant is dismissed, as the appellant is not aggrieved by that portion of the order (see, Patrylo v Metro Fuel Oil Corp., 276 AD2d 612; Caballero v Caballero, 247 AD2d 352); and it is further,

Ordered that the order is reversed insofar as reviewed, and that branch of the plaintiff's motion which was for leave to amend its complaint to add four new causes of action against the appellant is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion in granting the plaintiff leave to amend its complaint to add four new causes of action against the appellant. While generally leave to amend should be freely given (see, CPLR 3025 [b]), there must be a proper basis for granting such a motion. The movant must make some evidentiary showing that the proposed amendment has merit (see, Morgan v Prospect Park Assocs. Holdings, 251 AD2d 306; Mathiesen v Mead, 168 AD2d 736). The plaintiff failed to make such a showing in this case (see, Morgan v Prospect Park Assocs. Holdings, supra; Clark v Foley, 240 AD2d 458; Mathiesen v Mead, supra). Bracken, J. P., Altman, Friedmann and Krausman, JJ., concur.