■ MICHAEL J. CURRAN et al., Respondents-Appellants, v AUTO LAB SERVICE CENTER, INC., Defendant and Third-Party Plaintiff-Respondent. D&M AUTO PARTS CORP., Also Known as NAPA AUTO, Third-Party Defendant-Appellant-Respondent. [721 NYS2d 662] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated March 20, 2000, as denied its cross motion for summary judgment dismissing the third-party complaint, and the plaintiffs separately appeal from so much of the same order as denied their motion for leave to serve an amended summons and complaint naming the third-party defendant as a defendant in the main action.

Ordered that the order is modified by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion and dismissing the third-party complaint; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs and the defendant third-party plaintiff.

On October 16, 1998, the plaintiff Michael J. Curran, a deliveryman employed by the third-party defendant, D&M Auto

Parts Corp., a/k/a Napa Auto (hereinafter D&M), was seriously injured when he lost control of a company-owned pick-up truck and crashed into a tree. The impact of the collision crushed the truck. A few days after the accident, D&M arranged for the truck to be towed to a junk yard, where it was destroyed. On April 2, 1999, the injured plaintiff and his wife commenced this action against Auto Lab Service Center, Inc. (hereinafter Auto Lab), which had repaired the pick-up truck about a month before the accident. The plaintiffs alleged that Auto Lab failed to properly service and repair the truck. In a verified bill of particulars served in August 1999, the plaintiffs claimed for the first time that the accident was caused by faulty brakes. When Auto Lab objected that the truck was destroyed before it had an opportunity to examine the brakes, the plaintiffs moved for leave to serve an amended summons and complaint to assert a direct cause of action against D&M for impairment of their right to recover damages from Auto Lab. While the motion was pending, D&M cross-moved to dismiss the third-party complaint on the ground that the injured plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11. The Supreme Court denied the motion and cross motion.

Contrary to the plaintiffs' contention, the Supreme Court properly denied their motion. Although leave to amend a complaint should be freely granted (*see,* CPLR 3025 [a]), the movant must make some evidentiary showing that the proposed amendment has merit, and a proposed amendment that is plainly lacking in merit will not be permitted (*see, Heckler Elec. Co. v Matrix Exhibits-N. Y.,* 278 AD2d 279; *Bonnen v Chin Hua Chiang,* 272 AD2d 357; *West Branch Realty Corp. v Exchange Ins. Co.,* 260 AD2d 473). Here, while the plaintiffs correctly note that an employee can maintain a common-law action against his or her employer if the employer's actions have impaired the employee's right to recover damages from a third-party tortfeasor (*see, DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41; *Vaughn v City of New York,* 201 AD2d 556; *Coley v Arnot Ogden Mem. Hosp.,* 107 AD2d 67), the facts alleged in support of their proposed amendment do not demonstrate that D&M had a duty to preserve the damaged pick-up truck. Notably, there is no evidence that D&M promised or agreed to preserve the truck (*see, McAllister v Renu Indus. Tire Corp.,* 202 AD2d 556; *Coley v Arnot Ogden Mem. Hosp., supra*). Moreover, the plaintiffs do not allege that they notified D&M of their intention to pursue an action against a third-party tortfeasor before the truck was destroyed, or that they asked D&M to preserve the truck (*cf., DiDomenico v C & S Ae-*

*romatik Supplies, supra; Vaughn v City of New York, supra*). In the absence of any evidence that D&M promised to preserve the truck, or that it was on notice that the truck might be needed for future litigation, the plaintiffs' proposed amendment to their summons and complaint is without merit, and their motion was properly denied.

The Supreme Court, however, should have granted D&M's motion to dismiss the third-party complaint on the ground that the injured plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11. As amended in 1996, Workers' Compensation Law § 11 permits an employer to be held liable for contribution or indemnity only where the third-party plaintiff proves through competent medical evidence that the employee sustained a "grave injury." "The term 'grave injury' has been defined as a 'statutorily defined threshold for catastrophic injuries' * * * and includes only those injuries which are listed in the statute and determined to be permanent" (*Ibarra v Equipment Control*, 268 AD2d 13, 17-18, quoting *Kerr v Black Clawson Co.*, 241 AD2d 686). Furthermore, the statutory list of grave injuries was intended to be "exhaustive, not illustrative" (Governor's Mem approving L 1996, ch 635, 1996 McKinney's Session Laws of NY, at 1913). Since the injured plaintiff did not sustain a grave injury as defined in the statute, D&M's cross motion for summary judgment dismissing the third-party complaint must be granted (*see, Castro v United Container Mach. Group*, 273 AD2d 337; *Ibarra v Equipment Control, supra*). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.