■ Arthur Ripepe et al., Respondents, v Crown Equipment Corporation et al., Defendants and Third-Party Plaintiffs, et al., Defendants. Giant Food Stores, Inc., Doing Business as Edwards Super Food Stores, et al., Third-Party Defendants-Appellants, et al., Third-Party Plaintiff. [741 NYS2d 64] —In an action to recover damages for personal injuries, etc., the third-party defendants second third-party defendants, Giant Food Stores, Inc., doing business as Edwards Super Food Stores, and First National Supermarkets, Inc., doing business as Edwards Super Food Stores, appeal from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated November 1, 2000, as granted the plaintiffs' cross motion for leave to amend the complaint to assert a direct cause of action against them.

Ordered that the order is reversed insofar as appealed from,

with costs payable by the respondents, and the cross motion is denied.

On January 21, 1995, the plaintiff Arthur Ripepe, an employee of the third-party defendants second third-party defendants, Giant Food Stores, Inc., doing business as Edwards Super Food Stores and First National Supermarkets, Inc., doing business as Edwards Super Food Stores (hereinafter the employer), sustained injuries when a pallet jack rolled onto his left foot while he was working at the employer's store. Thereafter, on October 19, 1995, an attorney and an engineer representing the plaintiffs visited the employer's store on the plaintiffs' behalf to examine the pallet jack. An attorney and a safety consultant representing the employer were also present. The pallet jack was photographed and its operation was observed for approximately one hour. The plaintiffs did not indicate that further inspection would be necessary.

In December 1996, the plaintiffs commenced this action against Crown Equipment Corporation, Tri-State Service Co., Inc., Maybury Corporation, and A To Z Material Handling Corporation, alleging that the braking system on the pallet jack was defectively designed and manufactured and had been negligently maintained and repaired. In April 1999, the defendants commenced third-party actions against the employer for indemnification or contribution.

By order dated February 1, 2000, the Supreme Court directed an inspection of the pallet jack. In response, the employer was unable to produce the pallet jack that was involved in the accident because it had been taken out of service and was no longer available. The plaintiffs' motion for leave to amend their complaint to assert a direct cause of action against the employer on the ground of spoliation of evidence was granted by the Supreme Court.

Although leave to amend a complaint should be freely granted (*see* CPLR 3025 [a]), the movant must make some evidentiary showing that the proposed amendment has merit, and a proposed amendment that is plainly lacking in merit will not be permitted (*see Heckler Elec. Co. v Matrix Exhibits-N.Y.,* 278 AD2d 279). While the plaintiffs correctly note that an employee can maintain a common-law action against his or her employer if the employer's actions have impaired the employee's right to recover damages from a third-party tortfeasor (*see Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636; *DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41), the facts alleged in their proposed amendment do not demonstrate that the employer had a duty to preserve the pallet jack. There is no evidence

that the employer promised or agreed to preserve the pallet jack (*see McAllister v Renu Indus. Tire Corp.*, 202 AD2d 556). In the absence of any evidence that the employer promised to preserve the pallet jack or that it was on notice that the pallet jack might be needed for future litigation, the plaintiffs' proposed amendment to their complaint is without merit, and their motion was improperly granted (*cf. Curran v Auto Lab Serv. Ctr., supra*). Goldstein, McGinity, and H. Miller, JJ., concur.

Friedmann, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: I conclude that the Supreme Court providently exercised its discretion in granting the plaintiffs' cross motion for leave to amend their complaint to add a direct cause of action against the injured plaintiff's employer based on its alleged spoliation of evidence (*see DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53). Therefore, I respectfully dissent and would affirm the order insofar as appealed from.

Although my colleagues in the majority determine that there is no evidence that the injured plaintiff's employer promised or agreed to preserve the pallet jack at issue, I disagree. The record contains evidence that Emily Diamond, a member of the law firm representing the plaintiffs, expressly told an employee of the injured plaintiff's employer at the initial inspection of the pallet jack "that the pallet jack should be maintained, and that if it was to be discarded, [the employer] should notify their attorneys who in turn could notify" the plaintiffs' attorneys. In my opinion, this was sufficient to show that the injured plaintiff's employer was on notice that the pallet jack might be needed for future litigation (*see DiDomenico v C & S Aeromatik Supplies, supra*).