■ Gui D. Monteiro, Appellant, v R.D. Werner Co., Inc., et al., Defendants and Third-Party Plaintiffs. City of New York, Third-Party Defendant-Respondent. (Action No. 1.) Gui D. Monteiro, Plaintiff, v R.D. Werner Co., Inc., et al., Defendants. (Action No. 2.) [754 NYS2d 328] —In related actions, inter alia, to recover damages for personal injuries, Gui Dias Monteiro appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 26, 2001, which denied his motion for leave to assert a direct cause of action against the City of New York, and thereupon, for summary

judgment as against that defendant based on its alleged spoliation of evidence, or in the alternative, to impose liability upon the defendants and direct the City of New York to indemnify the other defendants.

Ordered that the order is affirmed, with costs.

The plaintiff's complaint in Action No. 1, insofar as asserted against the City of New York, was dismissed by order of the Supreme Court, Kings County (Schneier, J.), dated September 4, 1998. The plaintiff subsequently moved for leave to assert a direct cause of action against the City.

Although leave to amend a complaint should be freely granted (*see* CPLR 3025 [a]), the movant must make some evidentiary showing that the proposed amendment has merit, and a proposed amendment that is plainly lacking in merit will not be permitted (*see Citarelli v American Ins. Co.,* 282 AD2d 494; *Heckler Elec. Co. v Matrix Exhibits-N.Y.,* 278 AD2d 279). While the plaintiff correctly asserts that an employee can maintain a common-law action against his or her employer if the employer's actions have impaired the employee's right to recover damages from a third-party tortfeasor (*see DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53; *Vaughn v City of New York,* 201 AD2d 556; *Coley v Ogden Mem. Hosp.,* 107 AD2d 67), the allegations in support of his proposed amendment do not demonstrate that his employer, the City, had a duty to preserve the scaffold involved in the accident (*see Ripepe v Crown Equip. Corp.,* 293 AD2d 462, 463-464; *Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636, 637-638), or that the City was on notice that the scaffold might be needed for future litigation (*see DiDomenico v C & S Aeromatik Supplies, supra* at 53). The plaintiff does not allege that before the scaffold was returned to the City's storage facility he notified the City of his intention to pursue an action against a third-party tortfeasor. Nor does he claim that he asked the City to preserve the identity of the scaffold, or that the City agreed to do so or otherwise had notice of future litigation (*see McAllister v Renu Indus. Tire Corp.,* 202 AD2d 556, 557; *Coley v Ogden Mem. Hosp., supra*; *cf. DiDomenico v C & S Aeromatik Supplies, supra*; *Kirkland v New York City Hous. Auth.,* 236 AD2d 170). Contrary to the plaintiff's contention, neither the fact that the plaintiff was gravely injured nor that the Occupational Safety and Health Administration conducted an investigation at the work site the following day put the City on notice of future litigation or a need to preserve the scaffold. Thus, under the circumstances, the plaintiff's proposed amendment is without merit (*see Ripepe v Crown Equip. Corp., supra*; *Curran v Auto*

*Lab Serv. Ctr., supra; cf. DiDomenico v C & S Aeromatik Supplies, supra; Kirkland v New York City Hous. Auth., supra; Vaughan v City of New York, supra).* Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.