■ IDT CORPORATION, Appellant, v MORGAN STANLEY DEAN WITTER & Co. et al., Respondents. [882 NYS2d 60]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 8, 2008, which granted defendants' motion to dismiss the sixth and seventh causes of action in the amended complaint, unanimously reversed, on the law, with costs, the motion denied and the causes of action reinstated. Appeal from order, same court and Justice, entered October 29, 2008, which, to the extent appealable, denied plaintiff's motion for leave to renew, unanimously dismissed, without costs, as academic in view of the foregoing.

The issue on this appeal is whether cognizable claims for fraudulent misrepresentation and fraudulent concealment may be based on intentional spoliation of evidence, notwithstanding that New York does not recognize an independent tort of third-party negligent spoliation. We conclude that intentional spoliation of evidence may be the basis for such claims.

Plaintiff IDT, a telecommunications company, alleged in its original complaint that Morgan Stanley, its former investment banker, had engaged in a variety of improper conduct including breach of fiduciary duty and tortious interference with contract. The essence of the complaint[1] was that IDT had a contract with third-party Telefonica International, S.A. for a submarine fiber-optic cable encircling Latin America; that Telefonica was also a client of Morgan Stanley; that IDT and Telefonica had negotiated the contract without any involvement by Morgan Stanley; and that Morgan Stanley induced Telefonica to breach the contract with IDT and to instead enter into a similar deal with a different partner introduced to Telefonica by Morgan Stanley so that Morgan Stanley could earn millions of dollars in investment banking and other fees. IDT alleged that Morgan Stanley provided confidential and proprietary business and financial information about IDT to Telefonica to induce Telefonica to delay performance of the contract and eventually to breach the contract.

In May 2001, IDT commenced an arbitration proceeding against Telefonica alleging that Telefonica had breached its contract with IDT. Morgan Stanley was not a party to the arbitration. The arbitration panel concluded that Telefonica had breached the contract, and IDT was awarded more than $16,000,000 in damages. IDT's claims for fraudulent misrepre-

1. The original complaint was dismissed in its entirety upon a finding by the Court of Appeals that the claims for breach of fiduciary duty, tortious interference with contract and misappropriation of confidential and propri-etary business information were time-barred and that the unjust enrichment claim failed to state a cause of action (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132 [2009]).

sentation and fraudulent concealment in this action are based on Morgan Stanley's response to a subpoena served by IDT in connection with the arbitration proceeding that sought all documents referring or relating to any advice provided to Telefonica by Morgan Stanley concerning the fiber-optic cable deal.

IDT alleges that Morgan Stanley produced more than 2,000 pages of documents in response to IDT's subpoena and represented in writing that it had fully complied with the subpoena, but that during the course of discovery in this action IDT learned that Morgan Stanley produced only a small percentage of the documents that were relevant and responsive to IDT's subpoena and that the excluded documents, consisting of an additional 500,000 pages, included critical "smoking gun" documents. One of those documents is a letter from two Morgan Stanley executives to Telefonica's chairman just two months after the contract with IDT was signed, advising Telefonica to sell its equity in the project at cost and encouraging Telefonica to reevaluate its agreements with IDT. IDT alleges that this concealment by Morgan Stanley caused it great damage in the arbitration because the withheld documents would have enabled IDT to prove that Telefonica had breached the contract as early as October 1999 rather than somewhere between October 2000 and March 2001, as the arbitrators determined, thus increasing the award of damages.

Since IDT had not initially included causes of action for fraudulent misrepresentation and fraudulent concealment in its complaint, it sought leave to amend the complaint.[2] Supreme Court granted the motion, rejecting Morgan Stanley's arguments that the claims were legally deficient because IDT could not demonstrate that it suffered any harm as a result of not having the documents during the arbitration and that the documents were cumulative. The court found that IDT had pleaded the elements of fraud and fraudulent concealment, noting that the elements of fraudulent concealment are the same as fraud, with the addition that the party charged with the fraud must have had a duty to disclose.

Subsequently, Morgan Stanley moved to dismiss those causes of action for failure to state a cause of action on the ground that New York does not recognize spoliation of evidence as a cognizable tort. On constraint of the Court of Appeals' decision in *Ortega v City of New York* (9 NY3d 69 [2007]), Supreme Court granted the motion, concluding that IDT's framing of the claims as fraud claims "[did] not take it out of the rules regarding spoliation of evidence claims." This was error.

---

**2.** The motion to amend was submitted and decided prior to the Court of Appeals' decision dismissing the original complaint.

Supreme Court correctly found in its initial assessment that IDT had sufficiently alleged claims for fraud and fraudulent concealment. IDT alleges that Morgan Stanley made a material misrepresentation of fact when it represented that it had fully complied with the subpoena; that the misrepresentation was made intentionally to defraud or mislead IDT; that IDT reasonably relied on the misrepresentation, and that it suffered damage as a result of its reliance (*see e.g. P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [2003]). In addition to these elements, IDT alleges that Morgan Stanley had a duty to disclose and that it failed to do so, thus stating a claim for fraudulent concealment (*id.*).

The Court of Appeals' decision in *Ortega v City of New York* (9 NY3d 69 [2007], *supra*) does not require dismissal of IDT's claims for fraud and fraudulent concealment simply because the vehicle for the alleged fraudulent conduct was concealment of evidence. First, the *Ortega* holding involved a claim of negligent spoliation of evidence, not a claim of intentional concealment or spoliation of evidence. Second, unlike the City in *Ortega*, which the court noted was a third party with a duty to preserve evidence but with no connection to the underlying litigation, Morgan Stanley was not an uninvolved third party to the arbitration proceeding between IDT and Telefonica. It had fiduciary relationships with both parties, and the concealment of documents from IDT arguably both benefitted its client Telefonica in the arbitration and protected Morgan Stanley from being sued by IDT.

Two additional circumstances distinguish this case from *Ortega*. The *Ortega* court refused to recognize a third-party spoliation claim because the content of the lost evidence is unknown, thus leading to speculation as to causation and damages. Here, there is no such concern because the concealed documents have been produced. The court also found that it would not be sound public policy to permit an independent tort of spoliation to be asserted against a municipality. There are no public policy reasons to disallow IDT's claims for fraud and fraudulent concealment against its fiduciary based on the latter's spoliation of subpoenaed documents.

Importantly, the *Ortega* court wrote that "[a]t bottom, plaintiffs seek recognition of a new cause of action because they cannot meet the traditional proximate cause and actual damages standards at the foundation of our common-law tort jurisprudence" (9 NY3d at 80). IDT suffers from no such impediment. It has met the pleading standard for fraud and fraudulent concealment and thus has a remedy under existing tort

principles. There is no indication in *Ortega* that the court would reject an already recognized common-law tort claim simply because the claim was based on the spoliation of evidence.

We note that the New Jersey courts, which do not recognize a separate tort action for intentional spoliation, recognize a claim of fraudulent concealment based on the intentional spoliation of evidence (*see e.g. Rosenblit v Zimmerman*, 166 NJ 391, 766 A2d 749 [2001]; *R.L. v Voytac*, 402 NJ Super 392, 407-408, 954 A2d 527, 536 [App Div 2008], *certification granted in part* 197 NJ 259, 962 A2d 530 [2008]; *Viviano v CBS, Inc.*, 251 NJ Super 113, 597 A2d 543 [App Div 1991], *certification denied* 127 NJ 565, 606 A2d 375 [1992]). There is no sound reason for New York courts to conclude otherwise. Concur—Gonzalez, P.J., Mazzarelli, Buckley, Renwick and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 31001(U).]