■ LONG ISLAND POWER AUTHORITY, Respondent, v GILBERT ANDERSON et al., Appellants. [886 NYS2d 911]—

In an action for a judgment declaring that the plaintiff is exempt from fees imposed upon certain real property by the Suffolk County Sewer Districts, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered July 25, 2008, as granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court dated July 30, 2008, which, upon the order, declared that the plaintiff is exempt from fees imposed upon the subject property by the Suffolk County Sewer Districts.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment is denied, without prejudice to renewal upon the completion of discovery, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

It is undisputed that the plaintiff's property is not located within the Suffolk County Sewer Districts (hereinafter the Sewer Districts), and that the disputed sewer charges were imposed upon the property pursuant to a contract between the Sewer Districts and the previous owner of the property. Accordingly, the sewer charges are not assessments, and the plaintiff, despite its statutory exemption from liability for assessments, may ultimately be responsible for these fees (*cf. City of New York v Long Is. Power Auth.,* 14 AD3d 642 [2005]).

Under the circumstances of this case, however, which include the total absence of any pretrial discovery, the plaintiff's motion for summary judgment was premature (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 506 [1993]; *Hall Enters., Inc. v Liberty Mgt. & Constr., Ltd.,* 37 AD3d 658 [2007]; *see also Matter of Niagara Mohawk Power Corp. v Town of Watertown,* 6 NY3d 744 [2005]). Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.