[906 NYS2d 887]

Juan Alegria et al., Plaintiffs, v Metro Metal Products, Inc., et al., Defendants.

Supreme Court, Kings County, August 20, 2010

**APPEARANCES OF COUNSEL**

*Harold M. Somer* for defendants. *Christopher J. Smith* for plaintiffs.

592

Jack M. Battaglia, J.

The verified complaint of plaintiffs Juan Alegria and Angela Alegria alleges that, on or about September 26, 2006, plaintiff Juan Alegria was severely injured while operating machinery on the premises of defendant Metro Metal Products, Inc., owned by defendant Joseph H. Accarino. With this motion, defendants seek an order, "pursuant to CPLR 3212, granting summary judgment dismissing the action pursuant to CPLR 3211 (a) (1), (4), (5), (7) and (8)." (*See* motion for summary judgment dismissing this action and for other relief dated May 13, 2010.)

The verified complaint purports to allege three causes of action. In a first cause of action, plaintiffs allege that Juan Alegria's injury "was the result of the negligence of the defendant [*sic*] in failing to reasonably and adequately keep, maintain and operate said machinery" (verified complaint ¶ 11); and in a third cause of action, that Angela Alegria, his wife, "was deprived of the society, services, consortium, love and affection" of her husband (*id.* ¶ 28). Plaintiffs also allege, although not as part of the first or third cause of action, that Juan Alegria was "an employee of Metro and/or Accarino at the time of this occurrence" (*id.* ¶ 24).

In a second cause of action, plaintiffs allege that defendants "were put on written notice that the machinery in question was needed as evidence in a personal injury lawsuit to be brought . . . against the manufacturer of said machinery," but that defendants "failed to preserve said machinery," and "caused said machinery to be unavailable" (*id.* ¶¶ 14, 16, 18). And further, that as a result of defendants' negligence and recklessness in failing to keep the machinery available, plaintiff Juan Alegria "is unable to identify the manufacturer of the machinery," "has been deprived of the opportunity to inspect the machinery," and "has been deprived of evidence that is essential to the prosecution of his personal injury lawsuit" (*id.* ¶¶ 19-24).

To the extent that defendants' motion seeks dismissal pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, it must be denied. In their verified answer, served on December 23, 2009, defendants allege as a first affirmative defense that "[t]he court lacks in personam jurisdiction by reason of lack of proper service" (verified answer ¶ 6). Since this motion was not served until May 13, 2010, well beyond the 60 days specified for moving for judgment on that ground, the objection is deemed waived. (*See* CPLR 3211 [e].)

Defendants seek dismissal of plaintiffs' first and third causes of action pursuant to CPLR 3211 (a) (1) ("documentary evidence"), (5) ("release"), and (7) (failure "to state a cause of action"). Defendants contend that the alleged claims are barred by the exclusivity provisions of the Workers' Compensation Law (citing sections 10, 11, 50 and 53 of the statute). As noted above, the verified complaint itself alleges that Juan Alegria was employed by defendants when he was injured.

Defendants submit the affidavit of defendant Joseph H. Accarino, president of defendant Metro Metal Products, Inc. Mr. Accarino asserts that Mr. Alegria "was an employee of Metro Metal and was injured on the job"; and that Mr. Alegria "applied for and received worker's [sic] compensation benefits through New York State Insurance Fund which was the entity through which my insurance was maintained." (Affidavit ¶ 4.) But defendants submit no evidence in admissible form as to the existence of workers' compensation coverage, or Mr. Alegria's application for and receipt of workers' compensation benefits.

Although defendants fail to establish prima facie that they are entitled to dismissal pursuant to the Workers' Compensation Law, the court notes that plaintiffs do not address in their opposition this aspect of defendants' motion, and that prediction as to the fate of the first and third causes of action (except, perhaps, as to spoliation) does not seem difficult.

Defendants seek dismissal of the alleged second cause of action pursuant to CPLR 3211 (a) (4) (that "there is another action pending between the same parties for the same cause of action") and (7) (failure "to state a cause of action"). In March 2008, Juan Alegria commenced a special proceeding in this court against Metro Metal Products, Inc. (index No. 4328/08), seeking pre-action disclosure pursuant to CPLR 3102 (c). Specifically, Mr. Alegria sought an order

> "enabling [him] to obtain the manufacturers [sic] name, serial number, purchase records, maintenance records, safety records, photographs and a physical inspection of the press machine which caused the partial amputation of [Mr. Alegria's] right index finger, so that the parties can be identified, to aid in the framing of a complaint in an action to be commenced." (Order to show cause dated Mar. 24, 2008.)

On July 31, 2008, Honorable Sylvia O. Hinds-Radix granted Mr. Alegria's petition, stating:

"On default and without opposition:

"Petitioner's Order to Show Cause for an order allowing pre-litigation discovery is granted in its entirety. Respondent Metro Metal shall provide manufacturer's name, serial number, purchase records, maintenance records, safety records and photographs with regard to the subject press machine upon which petitioner was injured w/in 30 days. Respondent shall further allow petitioner to conduct a physical inspection of the subject press on a mutually agreeable date and time w/in the next 30 days. A copy of this order shall be served on respondent w/in 10 days of the date hereof."

Technically, the 2008 special proceeding is still pending. Justice Hinds-Radix's July 31, 2008 order is not also designated a judgment in the proceeding (*see* CPLR 411), and has not been entered as such. In any event, the special proceeding for pre-action disclosure is not "for the same cause of action" (*see* CPLR 3211 [a] [4]) as the second cause of action for damages for spoliation of evidence. In any event, "the court need not dismiss on this ground but may make such order as justice requires" (*see id.*). Until the special proceeding is concluded with entry of judgment, since both the special proceeding and this action are in the case inventory of this court (part 59), the appropriate disposition would appear to be an order that further proceedings be held jointly (*see* CPLR 602 [a]). Either plaintiffs or defendants may move for such an order (*see id.*).

Defendants' contention that plaintiffs' second cause of action cannot be the basis of any recovery, whether considered as addressed to the verified complaint as a pleading pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, or for summary judgment on the law and facts pursuant to CPLR 3212, is not so easily disposed of. The question is whether, and, if so, under what circumstances, may an employee state a claim against the employer for the spoliation of evidence needed for a claim against a third party for a workplace injury. In the first instance, the question is whether such a claim can be asserted after the Court of Appeals decision in *Ortega v City of New York* (9 NY3d 69 [2007]), which held that "the tort of third-party negligent spoliation of evidence . . . is not cognizable in this state" (*id.* at 73).

Prior to *Ortega*, an employee could state a cause of action against an employer for negligent spoliation of evidence needed

to establish a claim against a third party, with the decisive factor in most cases being the existence or absence of a duty on the part of the employer to preserve the evidence. (*See Monteiro v Werner Co.*, 301 AD2d 636, 637-638 [2d Dept 2003]; *Ripepe v Crown Equip. Corp.*, 293 AD2d 462, 463-464 [2d Dept 2002]; *Curran v Auto Lab Serv. Ctr.*, 280 AD2d 636, 637-638 [2d Dept 2001]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [2d Dept 1998]; *Constanza v Adamatic A Corp.*, 221 AD2d 495, 496 [2d Dept 1995]; *McAllister v Renu Indus. Tire Corp.*, 202 AD2d 556, 557 [2d Dept 1994]; *Vaughn v City of New York*, 201 AD2d 556, 557-558 [2d Dept 1994]; *Coley v Ogden Mem. Hosp.*, 107 AD2d 67, 69 [3d Dept 1985]; *Caban v Gottlieb Iron Works*, 147 Misc 2d 583, 585-586 [Sup Ct, NY County 1990], *affd sub nom. Caban v Bonoco Constr. Corp.*, 172 AD2d 377 [1st Dept 1991]; *Weigl v Quincy Specialties Co.*, 158 Misc 2d 753, 756-757 [Sup Ct, NY County 1993]; *Raphael v 18 Rest., Inc.*, 954 F Supp 549, 553-554 [ED NY 1996]; *see also MetLife Auto & Home v Basil Chevrolet*, 303 AD2d 30, 37 [4th Dept 2002], *affd* 1 NY3d 478, 483-484 [2004].)

Under this case law, a duty to preserve evidence for the benefit of an injured employee would be found where the employer "promised or agreed to preserve" the evidence. (*See Ripepe v Crown Equip. Corp.*, 293 AD2d at 464; *Curran v Auto Lab. Serv. Ctr.*, 280 AD2d at 637; *McAllister v Renu Indus. Tire Corp.*, 202 AD2d at 557 ["promise or agreement to preserve"]; *Coley v Arnot Ogden Mem. Hosp.*, 107 AD2d at 69 ["promise . . . to inspect or safeguard"].) The opinions also suggest that a duty to preserve, or make evidence available to the employee, will arise when the employer has "notice" of the employee's intent to file a lawsuit or that the evidence "might be needed for future litigation." (*See Monteiro v R.D. Werner Co.*, 301 AD2d at 637; *Ripepe v Crown Equip. Corp.*, 293 AD2d at 464; *Curran v Auto Lab Serv. Ctr.*, 280 AD2d at 637; *McAllister v Renu Indus. Tire Corp.*, 202 AD2d at 557 ["notice that the plaintiff intended to file a lawsuit"]; *Vaughn v City of New York*, 201 AD2d at 558 [same]; *Raphael v 18 Rest., Inc.*, 954 F Supp at 554 ["Notice can be derived from a letter declaring intent to sue"].)

The requisite duty could easily be found in a court order directing preservation (*see id.*), and the requirement could in effect be dispensed with where there was evidence that the employer intentionally destroyed the evidence, perhaps to minimize the likelihood of a third-party claim from the manufacturer of the product (*see Weigl v Quincy Specialties Co.*, 158 Misc 2d

at 756-758; *see also Coley v Arnot Ogden Mem. Hosp.*, 107 AD2d at 69-70).

In *MetLife Auto & Home v Joe Basil Chevrolet* (1 NY3d 478 [2004]), on the facts presented, the Court of Appeals declined to "recognize a cause of action for third-party spoliation of evidence and impairment of a claim or defense as an independent tort" (*see id.* at 480-481). There, a homeowner's insurance carrier sought to assert a cause of action for spoliation of evidence against a casualty insurance carrier for the latter's failure to preserve a vehicle that caught fire and damaged a home.

The court summarized several of the cases discussed above with the statement that "the Appellate Divisions have held that spoliation of evidence by an employer may support a common-law cause of action when such spoliation impairs an employee's right to sue a third-party tortfeasor." (*See id.* at 483.) In the case before it, however, the defendant insurer "had no duty to preserve the vehicle" (*see id.* at 484). "The burden of forcing a party to preserve when it has *no notice* of an impending lawsuit, and the difficulty of assessing damages militate against establishing a cause of action for spoliation in this case where there was no duty, *court order*, contract or special relationship." (*Id.* [emphasis added].)

There was a preservation order in *Ortega v City of New York* (9 NY3d 69 [2007]), which was deemed sufficient to establish the duty element of a cause of action for negligent spoliation (*id.* at 76-77), requiring the court to address head-on the existence of an "independent tort arising from the spoliation of evidence" (*id.* at 77). As already noted, the court declined to recognize the tort where the putative tortfeasor was "an entity without ties to the underlying litigation" (*see id.* at 79; *see also id.* at 80 ["third parties with . . . no connection to the underlying lawsuit"]). In its weighing of "judicial and social policy concerns" (*see id.* at 79), the Court particularly noted "concerns about speculation" and "uncertainties with respect to recovery of damages" (*see id.* at 82).

> "In a third-party spoliation case, because the content of the lost evidence is unknown, there is no way of ascertaining to what extent the proof would have benefitted either the plaintiff or defendant in the underlying lawsuit, and it is therefore impossible to identify which party, if any, was actually harmed." (*Id.* at 81.)

It is noteworthy, perhaps even quite surprising, that the Court's discussion of case law in *Ortega* is limited to other

jurisdictions, and does not mention the employee/employer cases that it considered so central to its decision in *MetLife* (1 NY3d 478), which the court references in the very first sentence of its opinion (*see Ortega v City of New York*, 9 NY3d at 73). The facile explanation is that prior case law did not involve "an entity without ties to the underlying litigation" (*see id.* at 79). The only pertinent post-*Ortega* decision by an appellate court holds that "notwithstanding that New York does not recognize an independent tort of third-party negligent spoliation . . . , intentional spoliation of evidence may be the basis for such claims." (*See IDT Corp. v Morgan Stanley Dean Witter & Co.*, 63 AD3d 583, 584 [1st Dept 2009]; *see also id.* at 586-587.) A trial court found that an employee/employer claim survived *Ortega*, but rejected the claim on the merits. (*See Blumenthal v Zacklift Intl., Inc.*, 2008 NY Slip Op 31679[U], \*32-33 [Sup Ct, Kings County 2008].)

This court is unwilling to assume that in *Ortega* (9 NY3d 69 [2007]) the Court of Appeals would, without even a mention, disapprove a line of authority that it, only shortly before, relied upon in *MetLife* (1 NY3d 478 [2004]). Assuming that the duty to preserve evidence is established, fault and harm are required to impose liability on the employer. Breach of duty has not been discussed as such in the case law, but it appears intertwined with, and for the most part resolved by, the duty inquiry. As to harm, in *MetLife* the Court of Appeals adopts the formulation that appears in much of the case law, i.e., "impair[ment] [of the] employee's right to sue a third-party tortfeasor." (*See id.* at 483; *see also Monteiro v R.D. Werner Co.*, 301 AD2d at 637; *Ripepe v Crown Equip. Corp.*, 293 AD2d at 463; *Curran v Auto Lab Serv. Ctr.*, 280 AD2d at 637.)

One Second Department decision suggests the same requirements for harm imposed on a party seeking disclosure or common-law spoliation sanctions against another party. (*See DiDomenico v C & S Aeromatik Supplies*, 252 AD2d at 53.) Since the "concerns about speculation" and the "uncertainties with respect to . . . damages" are likewise present in the party-on-party context (9 NY3d at 82), the rather restrictive requirements developed in that case law seem appropriate. Indeed, if plaintiffs here were able to sue defendants directly for Juan Alegria's injury, or were a defendant manufacturer to cross-claim against the employer, those are the requirements that would apply to any alleged spoliation by the employer.

"A party that destroys essential evidence such that its opponent is prejudicially bereft of appropriate means to [either

present] or confront a claim with incisive evidence is subject to severe sanctions." (*Awon v Harran Transp. Co., Inc.*, 69 AD3d 889, 890 [2d Dept 2010], quoting *DiDominico v C & S Aeromatik Supplies,* 252 AD2d at 53 [internal quotation marks omitted].) "As a matter of fairness, this is true even in cases where the destruction of the evidence was not willful or contumacious if the other party has been severely prejudiced by the destruction." (*Id.*)

Assessing the verified complaint against the standards applicable to a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading passes muster. "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction and the plaintiff accorded the benefit of every possible inference." (*Colasacco v Robert E. Lawrence Real Estate*, 68 AD3d 706, 708 [2d Dept 2009].) "The court's function on a motion to dismiss pursuant to CPLR 3211 (a) (7) is to determine whether the plaintiff's factual allegations fit within any cognizable legal theory, without regard to whether the allegations ultimately can be established." (*Id.*) The court would only specifically note again the allegations that defendants "were put on written notice that the machinery in question was needed as evidence in a personal injury lawsuit to be brought by plaintiff Juan Alegria against the manufacturer of said machinery," and that "despite receiving . . . written notice," defendants "failed to preserve said machinery," "destroyed said machinery," and "caused said machinery to be unavailable." (Verified complaint ¶¶ 14, 16-18.)

"A party moving for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact." (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003].) "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution." (*Id.*)

Defendants rely on the affidavit of defendant Joseph H. Accarino, again, president of defendant Metro Metal Products, Inc. Mr. Accarino implies, but does not state, that the first notice defendants received that plaintiffs sought access to the machine that allegedly caused Mr. Alegria's injury was through a letter from plaintiffs' counsel dated March 1, 2008, asserting further, "I was no longer in possession of the machine because Metro Metal had ceased operating and . . . an auction of all of the

equipment was conducted in January 2008 including the machine Mr. Alegria was operating when he was injured." (Affidavit ¶¶ 16-17.) Mr. Accarino does not expressly deny having promised or agreed to preserve the machine for Mr. Alegria's benefit, or that he was not on notice of future litigation against the manufacturer. Nonetheless, as to access to the machine at least, evidence of sale of the machine more than a year after Mr. Alegria's accident, and two months before receiving any notice that the machine might be required for future litigation, would appear sufficient to satisfy defendants' burden on this motion. (*See Constanza v Adamatic A. Corp.*, 221 AD2d at 496.)

But defendants provide no evidence that the machine was sold in January 2008 other than Mr. Accarino's say-so. And although Mr. Accarino acknowledges being "in court for the hearing on the Order to Show Cause" in the pre-action disclosure proceeding (affidavit ¶ 17), he does not assert compliance with Justice Hinds-Radix's July 31, 2008 order, which required more than access to the machine, nor does he provide justification for noncompliance.

Defendants' further contention that "there has been no spoliation" because, at least as of December 2009, the "current owner was willing to permit an inspection" of the machine (affidavit ¶¶ 19, 20) is similarly unavailing. Nowhere have defendants identified the current owner of the machine or the machine's location, nor do they account for changes that may have resulted from the passage of time.

Even assuming, however, that defendants have made a prima facie showing for purposes of CPLR 3212, plaintiffs have raised triable issues. Plaintiffs' counsel's affirmation in opposition asserts that "[o]n November 29, 2006 [his] office sent a letter . . . to Metro Metal Products . . . requesting that they preserve the machine which injured Mr. Alegria," and that "[o]n February 13, 2007, a follow up letter was sent directing Metro Metal to preserve the aforesaid machinery and refrain from altering it in any way." (Affirmation in support ¶ 3.) Copies of the two letters, each bearing the signature of affirming counsel, are attached to the affirmation. The February 13 letter states that the November 29 letter "was sent to you via certified mail, return receipt requested and proof of your receipt was returned to this office."

Counsel also asserts in his affirmation in opposition that Justice Hinds-Radix's July 31, 2008 order was served on Metro Metal Products on August 5, 2008, along with a letter to the at-

tention of Mr. Accarino, but no response was made to the order or letter. Again, the order is not limited to access to the machine.

In a reply affidavit, Mr. Accarino asserts that the November 29, 2006 and February 13, 2007 letters "were not received as they were sent to the wrong address" (reply affidavit ¶ 7), and that "to the best of his recollection [he] never received" the July 31, 2008 order (*id.* ¶ 11). (Mr. Accarino asserts that he appeared on the return date for the order to show cause in the pre-action disclosure proceeding, and that the matter was adjourned at his request, but that he was not present on the July 31, 2008 adjourned return date.) Mr. Accarino's denials of receipt, qualified as to the court order to his recollection, only confirm that there are issues of fact as to the central issue of notice.

Related to defendants' repeated contention that there has been no spoliation because "the machine had been and remained available for inspection even after the commencement of this action" (reply affirmation ¶ 52), Mr. Accarino states that, on the initial return date for the order to show cause, i.e., April 17, 2008, "[w]hen asked if I knew who the purchaser was and where the machine was I advised that I did not but would endeavor to find out and did" (reply affidavit ¶ 11). Again, there is no evidence that, to this date, that information was even conveyed to plaintiffs.

Defendants seek to make much of plaintiffs' delays in seeking the evidence allegedly needed to effectively prosecute a claim against the manufacturer of the machine, and certainly delay is material to whether spoliation "impairs an employee's right to sue a third-party tortfeasor" (*see MetLife Auto & Home v Joe Basil Chevrolet*, 1 NY3d at 483; *see also Constanza v Adamatic A. Corp.*, 221 AD2d at 496 ["the plaintiff's delay in moving to protect his interests should not now work to his benefit"]). But that too is an issue of fact, and the court is not prepared to rule on this record as a matter of law that plaintiffs cannot prove their claim.

Indeed, there has been no disclosure to date with respect to plaintiffs' spoliation claim, and, given defendant Metro Metal's unexplained failure to comply to date with the July 31, 2008 court order, summary judgment would be "premature." (*See Long Is. Power Auth. v Anderson*, 67 AD3d 652, 653 [2d Dept 2009]; *Adrianis v Fox*, 30 AD3d 550, 550-551 [2d Dept 2006]; *see also Weigl v Quincy Specialties Co.*, 158 Misc 2d at 758.)

Defendants' motion is denied, with leave to renew after appropriate disclosure, including, at the least, the examination

before trial of plaintiff Juan Alegria and defendant Joseph H. Accarino.