Gregory J. Grinberg, Appellant,
against
Davidzon Radio 620 AM, Respondent.




Gregory J. Grinberg, appellant pro se.
Marcus A. Nissbaum, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered November 14, 2017. The order granted defendant's motion to dismiss the action.




ORDERED that the order is reversed, without costs, and defendant's motion to dismiss the action is denied.
In an earlier small claims action, Grinberg v Feinerman (the first action), plaintiff claimed that the defendant therein, an attorney, had failed to comply with the promise of a free legal consultation that he had offered in a radio advertisement. In connection with that action, plaintiff served defendant herein with a subpoena duces tecum to produce certain of its advertisement records. Defendant's attorney appeared at the time and place specified on the subpoena duces tecum and informed the court that defendant had no such records. The first action was ultimately dismissed (Grinberg v Feinerman, Civ Ct, Kings County, August 1, 2016, Ciccotto, J., index No. 399-16). In this small claims action, plaintiff seeks to recover the principal sum of $2,100 based on defendant's alleged failure to comply with the subpoena duces tecum in the first action. 
Defendant moved, pursuant to CPLR 3211 (a) (7), to dismiss this action for failure to state a cause of action. In a supporting affirmation, defendant's general counsel stated that, in compliance with plaintiff's subpoena, he had appeared in court in the first action and had informed the court that defendant had no records that were responsive to plaintiff's subpoena. Counsel further argued that, in any event, the instant action should be dismissed because no cause of action lies for the failure to comply with a subpoena. Plaintiff opposed defendant's [*2]motion, claiming, among other things, that defense counsel had negligently or fraudulently misled the court when it had responded to his subpoena because defendant actually had documents responsive to his subpoena, and that defendant's failure to provide documents responsive to plaintiff's subpoena had caused plaintiff to lose the first action. By order entered November 14, 2017, the Civil Court granted defendant's motion.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
On a motion to dismiss for failure to state a cause of action, a court must accept as true the submissions made in opposition to the motion, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory, without regard to whether the allegations ultimately can be established (see Leon v Martinez, 84 NY2d 83, 87-88 [1984]; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 980 [2016]). Here, plaintiff seeks to recover damages in a plenary action, based on defendant's alleged failure to comply with a subpoena duces tecum in a prior action. CPLR 2308 (a) provides that a subpoenaed person who fails to comply with a judicial subpoena shall, among other things, be liable to the person on whose behalf the subpoena was issued for a penalty and for damages sustained by reason of the failure to comply. Such damages may be sought in a plenary action (see IDT Corp. v Morgan Stanley Dean Witter & Co., 63 AD3d 583 [2009]; see also Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2308:5). As defendant has failed to demonstrate that plaintiff's cause of action does not fit within any cognizable legal theory, we conclude that the Civil Court's order granting defendant's motion to dismiss failed to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
We note that we do not consider any materials which are dehors the record; nor do we consider arguments made for the first time on appeal (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is reversed and defendant's motion to dismiss the action is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019